UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| EMILY COHEN, ) | |
|     Plaintiff, ) | |
| ) | No. 1:25-cv-400 |
| v. ) | |
| ) | Honorable Paul L. Maloney |
| INTERLOCHEN CENTER FOR THE ARTS, ) | |
|     Defendant. ) | |
| ) | |

## ORDER ADOPTING REPORT AND RECOMMENDATION IN PART

This matter comes before the Court on Magistrate Judge Berens's Report and Recommendation (R&R), in which she recommended that Plaintiff's amended complaint be dismissed with prejudice. (ECF No. 24). Magistrate Judge Berens's recommended that the Court dismiss the complaint for lack of standing, and in the alternative, for failure to state a claim. *Id.* Plaintiff objected to the R&R. (ECF No. 26). Because the Court agrees that Plaintiff lacks standing, dismissal is on grounds of subject matter jurisdiction and should be without prejudice. Without subject matter jurisdiction, the Court cannot reach the merits of the claims. The R&R will thus be adopted in part.

This case relates to Plaintiff's child's enrollment and experiences at Defendant's boarding school. Plaintiff alleged that Defendant failed to provide accommodations to her child under the Americans with Disabilities Act (ADA) and that Defendants retaliated when Plaintiff demanded compliance with the ADA. Specifically, that retaliation took the form of denying Plaintiff's child re-enrollment for the next school year, offering to award earned grades to the child only if she permanently left the school, modifying the child's grades,

mismanaging standardized test allegations, and falsely reporting to the Court about communication efforts. (ECF No. 13 at PageID.70). Plaintiff made claims of retaliation and associational discrimination under the ADA and state-law claims of breach of contract and intentional infliction of emotional distress. *Id.* at PageID.71-72. Judge Berens recommended that Plaintiff's claims be dismissed for lack of standing because the only concrete injuries alleged are the Plaintiff's child rather than Plaintiff, and in the alternative, that Plaintiff's claims be dismissed for failure to state a claim. (ECF No. 24).

Plaintiff raises five objections to the R&R. (ECF No. 26). The Court will address each in turn, though the final two relate to merits determinations the Court cannot reach, as explained below

## I.

After being served with a report and recommendation issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam). An "objection does not oblige the district court to ignore the report and recommendation." *Fharmacy Recs. v. Nassar*, 465 F. App'x 448, 456 (6th Cir. 2012). Our Local Rules require any party objecting to a report and recommendation to "specifically identify the portions of the proposed findings, recommendations or report to which objections are made and the basis for such objections." W.D. Mich. LCivR 72.3(b); *see also*

*Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) (holding that "objections disput[ing] the correctness of the magistrate's recommendation but fail[ing] to specify the findings . . . believed [to be] in error" are too general).

## II.

Plaintiff's first objection is to the way Magistrate Judge Berens presented Plaintiff's jurisdictional allegations. Whether the Plaintiff claimed subject matter jurisdiction over the state law claims under diversity of citizenship or supplemental jurisdiction is not relevant to the disposition of the case. This objection is thus overruled.

Plaintiff's second objection is to the recommended dismissal of the complaint for Plaintiff's lack of standing. Plaintiff argues that the amended complaint adequately alleged concrete harm to herself, and that she included more concrete allegations of harm in her Brief in Opposition to Defendant's Motion to Dismiss. (ECF No. 20). As Judge Berens explained in her R&R, the additional material in Plaintiff's motion cannot be considered. The Court thus reviews the referenced portions of the amended complaint to determine whether Plaintiff adequately alleges "invasion of a legally protected interest" held by Plaintiff herself that is "concrete and particularized." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 339 (2016) (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992)). Plaintiff cites two pages of the amended complaint as the source of allegations of harm to herself which establish standing. The factual allegations in these two pages are that Defendant denied re-enrollment to Plaintiff's child, offered to award her child earned grades only if the child permanently left the school, reduced her child's grades, mismanaged her child's standardized test accommodations, falsely reported to the Court about communication efforts, and denied her

child accommodations. (ECF No. 13 at PageID.70-71). It is not clear how any of these concretely harmed Plaintiff individually rather than her child. The complaint goes on to allege that "Defendant took adverse actions against [Plaintiff] and her daughter," including "denial of services, coercion, exclusion, and reputational harm." *Id.* at PageID.71. These are the sort of legally conclusory statements the Court cannot credit when determining its jurisdiction. *See Carrier Corp. v. Outokumpu Oyj*, 673 F.3d 430, 440 (6th Cir. 2012). Construed liberally, these conclusions are supported by the earlier factual allegations, which only substantiate harm to the child rather than Plaintiff. Magistrate Judge Berens was thus correct in determining that Plaintiff lacked standing, so Plaintiff's second objection is overruled.

Having reached this conclusion, the Court has determined that it lacks subject matter jurisdiction over this case and thus lacks constitutional authority to decide the merits. *See Davis v. Colerain Twp.*, 51 F.4th 164, 176 (6th Cir. 2022). When a court lacks subject matter jurisdiction, dismissal should be without prejudice outside of a few narrow exceptions. *Id.*; *Ernst v. Rising*, 427 F.3d 351, 367 (6th Cir. 2005). Plaintiff's third objection was to the proposed dismissal of the case with prejudice. The Court agrees that dismissal without prejudice is appropriate, though not for the reasons Plaintiff gave, as Plaintiff had already amended the complaint to remove any implication that she was representing her child. Rather than sustain the objection, the Court will adopt the R&R in part and dismiss the complaint without prejudice rather than with prejudice.

Plaintiff's fourth and fifth objections relate to whether she adequately stated a claim for breach of contract or for retaliation under the ADA. The Court lacks subject matter jurisdiction over this case and thus has no authority to reach the merits of these claims.

### III.

The Report and Recommendation (ECF No. 24) is **ADOPTED IN PART**. Specifically, the Court adopts Parts I and II.A. Part II.B contains merits determinations which the Court lacks authority to reach. Having determined that the Court lacks jurisdiction, the Court dismisses Plaintiff's amended complaint (ECF No. 13) **WITHOUT PREJUDICE.**

**IT IS SO ORDERED.**

Date:  September 26, 2025               /s/ Paul L. Maloney
                                        Paul L. Maloney
                                        United States District Judge